FILED
SUPERIOR COURT
OF GUAM

2014 DEC 17 AM 11: 23

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT
## OF GUAM

CHUNG SOOK KIM, )  Civil Case no. CV0710-11
)
Plaintiff, )
)
vs. )
)
MI HYE KIM, KI YOUNG KIM, MIN )  **DECISION AND ORDER**
KYONG KIM, HEE SOON JEONG, BYUNG )
GON KIM, and DOES I through IV, )
)
Defendants. )
)

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants' Hee Soon Jeong and Byung Gon Kim's, Motion for Trail by Court was taken under advisement by the Honorable Judge Michael J. Bordallo on November 24, 2014. Defendants Mi Hye Kim, Ki Young Kim and Min Kyong Kim (hereafter Defendants Kim) were represented by attorney John R. B. Bell. Defendants Hee Soon Jeong and Byung Gon Kim (hereafter Defendants Jeong) were represented by attorney Helkei S. Hemminger. Plaintiff was represented by attorney William C. Bischoff. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following order denying Defendants Jeong's request.

# BACKGROUND

I.

The instant matter arises out of a civil complaint for cancellation of instrument containing three counts for breach of fiduciary duty, aiding and abetting breach of fiduciary duty and constructive trust, filed by the Plaintiff on April 22, 2011. Plaintiff filed a first amended complaint for cancellation of instrument on May 6, 2011. Plaintiff's first amended complaint contained four counts: 1) breach of fiduciary duty, 2) fraud, 3) aiding and abetting breach of fiduciary duty and 4) constructive trust.

On February 17, 2012, the Court entered an order dismissing Count II of Plaintiff's complaint and granting leave to amend a portion of her pleading. Plaintiff filed her second amended complaint on March 9, 2012. In her pleading Plaintiff alleges counts of: 1) breach of duty, 2) fraud, 3) aiding or abetting breach of duty, and 4) constructive trust. On April 9, 2013 Defendants Jeong filed a pleading entitled, Answer to Complaint; Counterclaim as to Plaintiff; Cross-claim as to Defendants' Mi Hye Kim, Ki Young Kim, Min Kyong Kim; Demand for Arbitration. In their counter-claim and cross-claim Defendants Jeong allege four causes of action and a section entitled Demand for Arbitration. The causes of action alleged in Defendants Jeong's pleading are: 1) quiet title, 2) breach of warranty, 3) recission and fraud. On July 16, 2014, the Court allowed Defendants Jeong to amend their pleading and include an additional affirmative defense of *bona fide* purchaser and two additional causes of action for ejectment and unjust enrichment.

On September 26, 2014, the Court entered an order of partial summary judgment dismissing Plaintiff's claims against Defendants Jeong for fraud and aiding or abetting breach of duty.

II.

Defendants Jeong filed a Motion for Trial by Court on November 17, 2013. Mot. at 1. Citing rule 39(a)(2) of the Guam Rules of Civil Procedure they argue that the parties do not have a right to trial by jury of the issues herein; the issues arising in equity. *Id.* 1-3. Defendants Jeong argue and assert that the central issue of recission is not a remedy at law but in equity and that any issue of resulting damages, likewise remains in equity. *Id.* at 2-5. On November 21, 2014, Plaintiff filed a non-opposition to Defendants Jeong's request.

Defendants Kim filed their opposition to Defendants Jeong's request on November 24, 2014. Opp. at 1. In support of their opposition Defendants assert that the pleadings herein have raised the following claims: cancellation of instrument, fraud, breach of fiduciary duty, and breach of warranty. Opp. at 1-2. Defendants Kim argue and assert that questions of fact have yet to be found regarding whether the contract at issue was intact. *Id.* at 2. They further argue that actions of fraud and breach of fiduciary duty are legal and not equitable and entitle them to a jury trial. *Id.* at 3. Lastly Defendants Kim argue that because, due to the passage of time and the change in market values, the Court will not be able to place the parties in their original positions that an equitable remedy is unavailable. *Id.*

Defendants Jeong filed their reply on November 24, 2014. Reply at 1. In it they dispute that breach of fiduciary duty is an equitable claim and assert that the Court has dismissed the Plaintiff's causes of action for fraud and breach of fiduciary duty against the Defendant's Jeong. *Id.* at 2. They re-emphasize their argument that actions for constructive trust and cancellation of a deed are equitable and argue that neither hold a right to a jury. *Id.* Lastly Defendants Jeong argue that Defendants Kim's failure to demand a jury trial in their pleading precludes them from requesting it now. *Id.*

## DISCUSSION

Rule 39 of the Guam Rules of Civil Procedure regulates a parties right to a trial by jury. Guam R. Civ. P. 69. In pertinent part it provides,

> (a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless
> (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or
> (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution, the Organic Act of Guam or the laws of Guam.

*Id.* Here Plaintiff and Defendants Jeong have not opposed and requested that the remaining issues be tried to the Court in place of the jury. Mot. and Non-Opp. While it is asserted that Defendants Kim did not file a demand for a jury the U.S. Federal Court's have consistently held that a party is entitled to rely upon an opposing party's jury demand. *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1215-16 (5th Cir. 1986).

The issues and claims remaining before this court from the parties' pleadings are: A) from Plaintiff's second amended complaint: 1) breach of duty 2) fraud as to Defendants Kim and 3) constructive trust; and B) from Defendants Jeong second amended counterclaim: 1) quiet title, 2) breach of warranty, 3) recission and fraud, 4) ejectment and 5) unjust enrichment. While the majority of these claims are equitable, the right to a jury not attaching, it is undisputed that in a claim for fraud there is ordinarily a right to a jury trial. Reply at 3. Accordingly the Court is unable to grant Defendants' request. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570-74 (1990); *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506 (1959)(rejecting the relevance of the chancellor's historic ability to decide legal claims incidental to a case brought in equity and holding that, in mixed cases,

the parties are not only entitled to a jury trial on the legal claims but that this jury trial must precede a decision on the equitable claims-with the attendant collateral-estoppel effects); *Ross v. Bernhard*, 396 U.S. 531, 538 (1970)(requiring a jury trial on the legal issues in a shareholders' derivative suit even though the procedurally equivalent suit in the 18th century would have been heard only in equity).

## CONCLUSION

For the reasons set forth above Defendants Jeong's request is denied.

SO ORDERED, this 17th day of December 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam5

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: John Bell; Heller Hemmirer; W. Bischoff
Date: 12/17/14 Time: 11:30

Deputy Clerk, Superior Court of Guam